HARRY L. CAMPBELL et al.

*v.*

THE JOHN W. TAYLOR MANUFACTURING COMPANY.

[Filed May 15th, 1902.]

A person, not in the employ of an insolvent corporation, who loaned money to the corporation upon an understanding that it would be used to pay the wages of its laborers, is not, when the corporation is decreed to be insolvent, entitled to the preference allowed by section 83 of the General Corporation act (*P. L. of 1896 p. 303*) to laborers in the regular employ of the company.

On appeal of the Prentiss Tool and Supply Company, a preferred creditor, from the determination of the receiver allowing the claim of William Hurt, trading as S. C. Hurt & Son, as a preferred creditor.

It is stipulated between counsel that the testimony taken before the receiver in this matter shall be used in this hearing; and it is further admitted that, on December 8th, 1900, the John W. Taylor Manufacturing Company made an entry in their journal to this effect: "S. C. Hurt & Son, draft $700." And that was transferred to the ledger account, giving S. C. Hurt & Son credit for $700; that the $700 so acquired by the company was used to pay the pay-roll for wages due laborers, employes and other persons in the general employ of the company, within two months prior to the date of the filing of the bill for the appointment of a receiver.

[The case was then argued.]

*Mr. Charles K. Chambers* and *Mr. John M. Perry,* for the Prentiss Tool and Supply Company.

*Mr. John C. Sims,* for William Hurt, trading as S. C. Hurt & Son.

Grey, V. C. (orally).

The preferred claimant, Mr. Hurt, is shown to have advanced $700 to the insolvent company. He had an understanding that it was to be used to pay the wages of the company's laborers. It was so used. When the insolvency of the company was declared he proved this $700 advance, as a preferred claim, under section 83 of the General Corporation act (*P. L. of 1896 p. 303*), allowing a preference for the amount of wages due to laborers, &c., in the regular employ of the corporation, for labor done within two months before the proceedings in insolvency. The receiver has allowed this preference to Mr. Hurt, and upon this allowance the appeal now being heard has been taken. The appellant is a preferred creditor, whose dividend will be affected by the preference allowed to Mr. Hurt.

Mr. Hurt does not claim to have been in the employ of the insolvent corporation. The practice in this court, in allowing these statutory preferences, has been to limit them to persons who were within the class named in the statute. *Consolidated Coal Co. v. Keystone Chemical Co., 9 Dick. Ch. Rep. 310.* The terms used in the act expressly prescribe that the preference is given to laborers and workmen and persons doing labor in the regular employ of the company at the time of the insolvency. It is a purely statutory right, and it was probably created for the purpose of preventing a general exodus of the workmen employed by corporations in anticipation of the failure of the company. It is intended to induce employes to remain at their work, even if financial disaster be threatened, by assuring them that they shall not lose their wages. A company which has a large number of employes may be in some financial straits, and may yet, if it can continue its business, regain its prosperity. But if its employes, anticipating that their wages will not be paid, leave its employ in a panic, absolute disorganization and destruction of the business may follow. The statute here intervenes and assures them that they, at all events, shall be paid. It refers, by its very words, to laborers, workmen and employes only, giving them a preference. There is neither provision for, nor recognition of, any power in the employes to assign their rights; nor of any right in anyone who may have loaned the

company money with which to pay wages, to have any equitable subrogation to the privileges of the company's employes.

In the present case the testimony does not even indicate that there was any contract that the money loaned should be used to pay wages of laborers. The proof is that it was advanced by the claimant upon "an understanding" that it would be so used. There was no contractual undertaking between the company and Mr. Hurt, that the advances made by him should be used to pay laborers, and that for the sums so advanced he should stand in the place of the laborer. It does not appear that the company had any right, by its agreement with Mr. Hurt, to confer upon him a preference which the statute, by its terms, gives only to laborers in the regular employ of the corporation. There is no pretence that there was any agreement between the laborers who had the right, and Mr. Hurt, that his advances of the money which paid their wages should be secured by a transfer of their right to collect their wages by preference against the company.

There is no attitude in which this claim of Mr. Hurt can be presented which will enable him to stand in the place of the laborers, and receive, for the money which he loaned to the company, the preferential consideration which the statute gives to the company's employes for their wages.

The receiver's allowance of a preference to Mr. Hurt for the moneys advanced by him to the company should be set aside. I will advise such an order.