The receiver in this case filed a petition, alleging that certain claims for services rendered defendant corporation were preferred claims. The claims are as follows:
Russell Lammerding, $1,405, now held by the Elizabethport Banking Company as assignee.
Charles S. Pountney, $287, and Fred J. Bergbauer, $344.50, upon which a levy has been made under an execution in a judgment held by Reeb Millwork Company, which judgment has been assigned to Abe J. David.
The claim of Albert Welt in the sum of $200, as a preferred claim, is not disputed.
An order was made as to why these claims should not be paid as preferred claims. On the return day the hearing was adjourned. On the adjourned date no one appeared in opposition and the receiver was directed to make the payments. Before the order was signed, a creditor objected, and I thereupon directed the interested parties to file memoranda.
The proof of claim of Fred Bergbauer and that of Charles S. Pountney, although informal in character and not expressly designated as such, are clearly preferred claims. Their informality does not invalidate their status as preferred any more than claiming a preference entitles one to preference. The claim of Russell Lammerding does expressly demand priority.
One of the objections is that these claims do not come within the meaning of section 83 of the Corporation act, which reads as follows:
"In case of the insolvency of any corporation the laborers and workmen, and all persons doing labor or service of whatever character, *Page 553 
in the regular employ of such corporation, shall have a first and prior lien upon the assets thereof for the amount of wages due to them respectively for all labor, work and services done, performed or rendered within two months next preceding the date when proceedings in insolvency shall be actually instituted and begun against such insolvent corporation. P.L. 1896 p. 303."
The section includes "all persons doing labor or service of whatever character, in the regular employ of such corporation." It is not limited in its application to laborers and workmen performing manual labor.
It is true that Lammerding, Bergbauer and Pountney were officers of the insolvent corporation. Their claims are not for salaries, however, but for work and services actually performed for the company during the two months prior to the appointment of the receiver, during which time they devoted their entire time to running the business. Even though Russell Lammerding was a director, as general manager of the company he is entitled to be paid. See Buvinger v. Evening Union Printing Co., 72 N.J. Eq. 321.
The retention of these men was clearly within the purpose of the act which has been held to be the preservation of the organized operative force of a corporation in a time of embarrassment, and for preventing a general exodus of the workmen employed by the corporation, in anticipation of the failure of the company. See Buvinger v. Evening Union Printing Co.,supra, and Campbell v. Taylor Manufacturing Co., 64 N.J. Eq. 622.
Another ground of objection is that these individuals were incorporators and original subscribers to the common stock of the company, and it is alleged that they have not paid into the treasury the full amount of their subscriptions. This might be so except that these claims are now in the hands of innocent third parties. Any call for payment for the balance of subscriptions for stock must be made now, if at all, to them as individuals and cannot be offset against their claims against the company now in the hands of innocent third parties.
I will, therefore, sign the order as it was originally presented to me. *Page 554